Estate Appraisal and Valuation, at 252 [1933]). Contrary to petitioner's contentions, this court's earlier decision in *Matter of Third I. C. M. Realty Co. v Town of Camillus* (115 AD2d 967, *lv denied* 67 NY2d 605) does not compel a different result inasmuch as the issue there involved "artificially calculated reserves". The parties agree that the assessments of the subject property only for the years 1987-1988 and 1988-1989 need to be recalculated. Based upon the record before us, we are unable to make those recalculations. Accordingly, we remit the matter to Supreme Court for that determination. (Appeal from Order of Supreme Court, Onondaga County, Aronson, J.H.O.—Tax Certiorari.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.

■ KENNETH LOUGHRY, Respondent, v CITIBANK (NEW YORK STATE) et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Boehm, J. (Appeal from Order of Supreme Court, Monroe County, Boehm, J.—Discovery.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.

■ KENNETH LOUGHRY, Respondent, v CITIBANK (NEW YORK STATE) et al., Appellants. (Appeal No. 3.)—Appeal unanimously dismissed without costs *(see, Kabelac v Harding,* 127 AD2d 1011). (Appeal from Order of Supreme Court, Monroe County, Boehm, J.—Resettlement.) Present—Dillon, P. J., Denman, Lawton, Lowery and Davis, JJ.

■ KAREN LILLIS et al., Appellants, v MARCELINO F. D'SOUZA et al., Respondents.—Judgment unanimously affirmed without costs. Memorandum: We reject plaintiffs' contention that the trial court should have precluded defendants' expert from testifying at trial because defendants did not respond until the second day of trial to the demand for disclosure of the report of the expert. CPLR 3101 (d) (1) (i) does not require a party to retain an expert at any specific time nor does it mandate that a party be precluded from proffering expert testimony merely because of noncompliance with the statute. The record reveals that the expert was retained only a week prior to trial and there is no evidence of intentional or willful nondisclosure by defendants. The expert testimony offered no surprises, and plaintiffs have not demonstrated any prejudice. Thus, the trial court did not abuse its discretion in allowing the expert to testify for defendants *(see, Saar v Brown & Odabashian,* 139 Misc 2d 328, 333-335; *Dunn v Medina Mem. Hosp.,* 131 Misc 2d 971, 974; *see also,* Siegel, NY Prac § 348A [2d ed]).